## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

|  |  |
|---|---|
|  | Case No. 07-13469 |
| COLLINS & AIKMAN CORPORATION, | Hon. Gerald E. Rosen |
| *et al.,* |  |
|  | Bankr. Case No. 05-55927 |
| Debtors. | Chapter 11 |
| _____/ | Hon. Steven W. Rhodes |

COLLINS & AIKMAN CORPORATION, *et al.,*
    Plaintiffs,

                               Adversary Proc. No. 07-05637

v.

JP MORGAN CHASE BANK, N.A., *et al.,*
    Defendants.
_____/

### ORDER DENYING DEFENDANT'S
### MOTION TO WITHDRAW REFERENCE

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on        October 29, 2007       

PRESENT:  Honorable Gerald E. Rosen
                  United States District Judge

Defendant filed the present motion on August 17, 2007, requesting that this Court

withdraw the reference of this adversary proceeding to the Bankruptcy Court. In support

of this request, Defendant argues that "cause" exists under the permissive withdrawal

provision set forth at 28 U.S.C. § 157(d) in light of Defendant's demand for a jury trial.

As this Court previously has recognized, a jury demand may constitute "cause" for

withdrawing a reference because, under the law of this Circuit, the Bankruptcy Court is

not authorized to conduct a jury trial absent the parties' consent.  See <u>Wilhelm Karmann</u>

<u>GmbH v. Dura Convertible Systems, Inc. (In re Collins & Aikman Corp.)</u>, No. 06-11512,

2006 U.S. Dist. LEXIS 39669, at *3 (E.D. Mich. June 15, 2006).  Nonetheless, the Court

further stated in that same case that, as a matter of judicial economy, its usual practice is

to "permit[] the Bankruptcy Judge to manage the pre-trial phase of the litigation, with this

Court revisiting the matter of withdrawal if and when the case is ready for trial."  <u>Id.</u>  The

Court sees no reason to deviate from this practice here.[1]  Accordingly,

      NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's motion to

withdraw the reference is DENIED, but without prejudice to the opportunity to again seek

this relief as appropriate at a later stage of this proceeding.

Dated:  October 29, 2007

                        <u>s/Gerald E. Rosen</u>
                        Gerald E. Rosen
                        United States District Judge

---

[1]The Court recognized in <u>Wilhelm Karmann</u>, 2006 U.S. Dist. LEXIS 39669, at *4 n.4, as it does here, that the local bankruptcy rules of this District require a party to file a motion to withdraw the reference "concurrently with the filing of the jury demand," and that a party who fails to do so is "deemed to have consented to the bankruptcy judge conducting the jury trial." Local Rule 9015-1, U.S. Bankruptcy Court for the Eastern District of Michigan.  The Court further observed in <u>Wilhelm Karmann</u>, 2006 U.S. Dist. LEXIS 39669, at *3 n.3, as it does here, that a question may arise in a particular case as to whether a party is, in fact, entitled to a jury trial, whether because of a purported waiver or for some other reason.  Regardless of whether such a question has arisen or might eventually arise in this case, the Court need not address this issue at this juncture.

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 29, 2007, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager